# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

PACIFIC NORTHWEST REGIONAL ) CASE NO. C09-420 RSM
COUNCIL OF CARPENTERS, )
 )
      Plaintiff, ) ORDER GRANTING DEFENDANTS'
 ) MOTION TO TRANSFER
      v. )
 )
LABORERS INTERNATIONAL UNION )
OF NORTH AMERICA, *et al.*, )
 )
      Defendants. )

## **I. INTRODUCTION**

This matter comes before the Court on Defendants' Motion to Transfer. (Dkt. #4). Defendants argue that this case should be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a). Defendants indicate that this case arises out of an arbitration award that was issued in the District of Columbia, and that all parties to an agreement that controls in this case reside in that district.

Plaintiff responds that it is neither bound to this agreement nor subject to the arbitration award Defendants rely upon to justify transfer. Therefore, they argue that the Court should uphold their choice of forum. Plaintiff also contends that the Court should stay the proceedings in light of a pending administrative hearing.

For the reasons set forth below, the Court agrees with Defendants, and GRANTS Defendants' motion to transfer.

ORDER
PAGE - 1

## II. DISCUSSION

**A. Background**

The instant lawsuit arises over a jurisdictional dispute between two labor unions over scaffolding work performed for Brand Energy Services, LLC ("Brand"), near Moses Lake, Washington.[1] Defendant Laborers' International Union of North America ("LIUNA") challenged Brand's assignment of work to members of the United Brotherhood of Carpenters and Joiners of America ("Carpenters"). Specifically, LIUNA claimed that Carpenters' regional affiliate, Pacific Northwest Regional Council of Carpenters ("PNRCC") – the Plaintiff in this action – was improperly performing work within the jurisdiction of LIUNA. Notably, both LIUNA and Carpenters are national labor unions headquartered in Washington, D.C., while PNRCC has its offices and principal place of business in Kent, Washington.

LIUNA, Carpenters, and Brand are all bound by a collective bargaining agreement entitled the National Construction Agreement ("NCA") and its corresponding Plan for Settlement of Jurisdictional Disputes in the Construction Industry ("the Plan"). The NCA provides that National and International Unions are parties to the NCA, including "those local unions affiliated with such National and International Unions who accept the terms of this Agreement by virtue of accepting the benefits of the Agreements and/or referring employees to work on such jobs." (Dkt. #5, Decl. of Davis, Ex. A, Preamble ¶ 1).

The Plan further provides that "[a] Union may become stipulated to the Plan by virtue of its affiliation with the Department or its National or International Union's affiliation with the Department, a signed [] stipulation form setting forth that it is willing to be bound by the terms of the Plan or a provision in a collective bargaining agreement." (Decl. of Davis, Ex. D. Art. II, § 1(a)).[2]

The Plan also outlines the procedures for resolving work jurisdictional disputes, including the proper procedure for binding arbitration. The Plan requires in relevant part that:

---

[1] Brand is a nominal Defendant in this action.

[2] The Plan defines "Department" as the Building and Construction Trades Department, AFL-CIO, a national alliance of unions in the construction industry.

ORDER
PAGE - 2

(1) arbitration hearings are to be held in Washington, D.C.; (2) an action to enforce an arbitration award must be brought in the United States District Court for the District of Columbia; and (3) all parties to the Plan are deemed to have consented to the District of Columbia's jurisdiction.

In accordance with the Plan, LIUNA filed a dispute with the Plan Administrator over the jurisdiction of the scaffold tendering work awarded to Carpenters on March 9, 2009. LIUNA believed that it was entitled to perform the work for the Moses Lake project. After the parties were unable to resolve their dispute informally, the matter was submitted to binding arbitration pursuant to the Plan, and a hearing was held on March 20, 2009 in Washington, D.C. LIUNA and Carpenters were represented by their International Unions.

Although PNRCC was not present at the arbitration hearing, a threshold issue raised by Brand during the hearing was whether PNRCC was bound to the NCA and the Plan. The Plan Arbitrator, J.J. Pierson, found in the affirmative. He held that "[b]ased on clear and convincing evidence, this arbitrator finds that both Brand and [Carpenters], including its affiliate [PNRCC], are stipulated to the Plan, and subject to the Procedures set forth in its Rules and Regulations." (Decl. of Davis, Ex. G at 7).

With respect to the substantive issues involved in the arbitration hearing, Arbitrator Pierson held in favor of LIUNA. He found that Brand had improperly assigned work for the Moses Lake project to Carpenters, and that Brand should have assigned the work to LIUNA. (*Id*. at 18).

Dissatisfied, PNRCC filed the present action on March 30, 2009, seeking declaratory relief and asking this Court to vacate the March 23, 2009 Arbitration Award pursuant to § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. PNRCC alleges in its complaint that the Arbitration Award is unenforceable because it was not a party to the NCA or the Plan. PNRCC alleges that only the National Labor Relations Board ("NLRB") has authority to resolve this jurisdictional dispute.

Four days after PNRCC filed its complaint, LIUNA filed a petition under § 301 of the LMRA, and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-11, seeking enforcement of

the Arbitration Award in the United States District Court for the District of Columbia. LIUNA filed the instant motion in this Court seven days thereafter, arguing that the procedures set forth in the Plan state that "[a]ll parties signatory or stipulated to this agreement consent to the jurisdiction of the United States District Court for the District of Columbia." (Decl. of Davis, Ex. D, Art. VII, § 2(a)).

Importantly, and prior to filing of this lawsuit by PNRCC, Brand requested a hearing with the NLRB to resolve the jurisdictional dispute in March of 2009 pursuant to § 10(k) of the NLRA, 29 U.S.C. § 160(k). This statute provides that the NLRB "is empowered and directed to hear and determine the dispute out of which such unfair labor practice shall have arisen[.]" *Id.* The NLRB originally scheduled its hearing on April 7, 2009 to resolve the jurisdictional dispute between the parties, but ordered the parties to show cause why the § 10(k) hearing should not be quashed in light of the Arbitration Award. (Dkt. #12, Decl. of Shanley, Ex. F). PNRCC responded as directed, and the NLRB rescheduled the hearing to May 4, 2009. The hearing occurred as scheduled, but no decision has been rendered.

**B. Motions to Transfer**

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations and citation omitted). The statute "displaces the common law doctrine of forum non conveniens" with respect to transfers between federal courts. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Section 1404(a) is not, however, simply a codification of the common law doctrine. In passing § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of forum non conveniens. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). The decision to transfer an

action is left to the sound discretion of the trial court, and must be determined on an individualized basis. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The statute has two requirements on its face. First, the district to which defendants seek to have the action transferred must be one in which the action "might have been brought." 28 U.S.C. § 1404(a). Second, the transfer must be for the "convenience of parties and witnesses," and "in the interest of justice." *Id.*

Here, the Court finds that the action clearly could have been brought in District of Columbia. LIUNA is a labor organization headquartered in Washington, D.C. The District of Columbia also has subject matter jurisdiction over the claims in this case, which require application of federal laws. Therefore the primary issue for the Court to resolve is whether the second requirement of § 1404(a) has been met.

 1. Section 1404(a) Factors

In determining whether a transfer is appropriate under this requirement, the Court must weigh numerous factors, including: (1) the location of where the relevant agreements or alleged events in the lawsuit took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, and the relation of those contacts to the plaintiff's cause of action; (5) the difference in cost of litigation in the two forums; (6) the availability of compulsory process to compel attendance of non-party witnesses; and (7) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Other relevant considerations, drawn from the traditional forum non conveniens analysis, are: (8) the pendency of related litigation in the transferee forum; (9) the relative congestion of the two courts; and (10) the public interest in the local adjudication of local controversies. *See Decker Coal*, 805 F.2d at 843. The burden is on the defendant to demonstrate that the transfer is warranted. *Saleh, et al., v. Titan Corporation, et al.*, 361 F.Supp.2d 1152, 1155 (C.D. Cal. 2005). This Court has recognized that the above-mentioned factors cannot be mechanically applied. *Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256, 1259 (W.D. Wash. 2005).

## 2. The District of Columbia is the Proper Forum

In the instant case, the Court finds that this matter should be transferred to the District of Columbia. At the outset, the Court notes that the traditional statutory factors set forth in 28 U.S.C. § 1404(a) such as the convenience to the parties and the convenience to the witnesses apply with minimal force in this case. The only relief PNRCC seeks in this lawsuit is an order from the Court that PNRCC is not subject to the NCA or the Plan, thereby making the Arbitration Award unenforceable. Moreover, judicial review of the NCA and its Plan, as well as the Arbitration Award itself is purely a legal issue and does not contemplate evidentiary discovery. Any court reviewing this case must look primarily to the administrative record created at the arbitration hearing. Consequently, the majority of the factors mentioned above in the *Jones* case have little probative value to the Court.

To the extent that any evidentiary discovery must be conducted in this case, the location of such evidence is located in the District of Columbia. LIUNA and Carpenters, PNRCC's parent union, are headquartered in Washington, D.C. In addition, the Plan Administrator to the NCA is located in that district. The arbitration hearing also occurred in that district, and LIUNA and Carpenters through their International Unions were present at the hearing. As a result, those with knowledge regarding the interpretation of the Plan as well as the Arbitration Award are located in Washington, D.C. *See*, *e.g.*, *Mobile Video Servs., Ltd. v. Nat'l Ass'n of Broadcast Employees and Technicians, AFL-CIO*, 574 F.Supp. 668, 670 (S.D.N.Y. 1983) (finding that because "[a]ll the material occurrences which formed the factual basis for the arbitration award took place in Washington, D.C.," the proper venue was the District of Columbia).

Relatedly, PNRCC's argument that the Court should honor its choice of forum is not compelling. The only connection this district has to this lawsuit is that PNRCC is located in this district. On the other hand, and as described above, the operative facts that give rise to enforcement of this Arbitration Award are located in Washington, D.C. *See id.* at 671 ("While in general plaintiff's choice of forum is entitled to considerable weight, that choice is accorded less weight when . . . the operative facts of the case have no material connection

with [plaintiff's choice].") (internal quotations and citations omitted); *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum . . . [the plaintiff's choice] is entitled to only minimal consideration.").

Furthermore, the interests of justice support transfer to the District of Columbia. As mentioned above, there is currently a pending action in the District of Columbia wherein LIUNA is seeking enforcement of the Arbitration Award pursuant to NCA and the Plan. It would be inefficient and duplicative for this Court to engage in effectively the same analysis based on PNRCC's requested relief. Indeed, PNRCC recognizes that its lawsuit is fundamentally related to LIUNA's pending litigation as reflected by its statement that consolidation of this lawsuit with LIUNA's lawsuit in the District of Columbia in this Court is the proper course of action. (*See* Dkt. #11 at 7-8). Notwithstanding PNRCC's failure to cite any authority to justify such a request, this acknowledgment clearly reflects an understanding that a ruling from this Court would potentially be at odds with a ruling from the District of Columbia. Allowing PNRCC to proceed under such circumstances certainly does not serve the interests of justice or judicial economy.

The Court also gives no weight to PNRCC's argument that ruling on LIUNA's motion to transfer amounts to ruling on the substantive issues raised by its lawsuit. PNRCC's lawsuit arises out of an agreement entered into between Carpenters, LIUNA, and Brand. This agreement was entered into in Washington, D.C., and as mentioned above, the arbitration hearing interpreting these agreements also occurred there. Thus, irrespective of PNRCC's attempts to claim it is not within the purview of the NCA, the starting point for any analysis requires examination of the original agreement between Carpenters, LIUNA, and Brand, as well as the Arbitration Award itself that PNRCC is challenging.

The circular nature of PNRCC's arguments is best evidenced by its contention that it is not a local union as contemplated by the Plan, but rather an intermediate union that falls outside the Plan. (Dkt. #11 at 3-4). Resolution of this argument undoubtedly requires a substantive analysis of the merits of this case; analysis PNRCC contends that this Court should not make in justifying transfer. Therefore just as LIUNA is arguing that PNRCC is

clearly subject to jurisdiction in the District of Columbia based on the language of the Plan, PNRCC likewise argues that it is not bound to that district based on the language of the Plan. In either circumstance, the analysis requires an examination of the Plan itself.

Ultimately, LIUNA brought its lawsuit to enforce the underlying Arbitration Award based on the clear mandate of the Plan. Whether the Plan appropriately binds PNRCC is irrelevant for purposes of the § 1404(a) analysis. LIUNA has met its burden in justifying transfer, and the most appropriate forum to settle this dispute is the District of Columbia.

**C. Section 10(k) of the NLRA**

The Court also finds it worthwhile to address PNRCC's contention that based on the pending § 10(k) hearing with the NLRB, the NLRB has proper jurisdiction to resolve this dispute. In support of this argument, PNRCC repeatedly states throughout its opposition that the NLRB "found that it was statutorily required under § 10(k) to serve as the final arbiter in the jurisdictional dispute between [LIUNA] and the PNRCC." (Dkt. #11 at 5); (*see also id.* at 7) ("In rejecting [LIUNA's] argument, the NLRB determined that the PNRCC is not bound by the Plan award via the NCA and the NLRB is the proper forum to decide the jurisdictional dispute.").

However, PNRCC overstates the findings of the NLRB. The NLRB merely required PNRCC to show cause why its hearing should not be dismissed in light of the Arbitration Award. PNRCC responded as directed and PNRCC only rescheduled the original April 7, 2009 hearing date to May, 4, 2009. In its order rescheduling the hearing date, the NLRB was completely silent as to the merits of the case. (*See* Decl. of Shanley, Ex. I). No statement or finding was made rejecting any of LIUNA's specific arguments. Likewise, no statement or finding was made accepting PNRCC's arguments.

In any event, PNRCC fails to explain how the § 10(k) hearing effects LIUNA's motion to transfer, other than mentioning in passing within a footnote that "the proper course of action is to stay this proceeding pending completion of the § 10(k) hearing before the [NLRB]." (Dkt. #11 at 8, n.1). Whether the NLRB has sole jurisdiction over this claim does not affect LIUNA's motion to transfer. The narrow issue for the Court to determine at this

stage of the proceedings is whether the District of Columbia is the more appropriate forum. PNRCC is certainly free to raise any arguments related to the NLRB's jurisdiction over its claims or otherwise file a motion to stay in the District of Columbia.

### III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Transfer (Dkt. #4) is GRANTED. This case is hereby TRANSFERRED to the United States District Court for the District of Columbia. The Clerk shall close this file and notify the Clerk of the Court in that district.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 5th day of June, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE